UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNEL BROWN,

    Plaintiff,

vs.                              CASE NO.:

SKINZWEAR COM INC., a Florida For
Profit Corporation, and PAUL POLGAR,
Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, DANNEL BROWN, by and through the undersigned attorney, sues the Defendants, SKINZWEAR COM INC., a Florida Corporation, and PAUL POLGAR, Individually, and alleges:

    1.    Plaintiff, DANNEL BROWN, was an employee of Defendants and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

### General Allegations

    2.    Plaintiff, DANNEL BROWN was an employee who worked at Defendants' property within the last three years in Pinellas County, Florida.

    3.    Plaintiff, DANNEL BROWN, worked for Defendants as an hourly paid employee at an hourly rate of $17.50 per hour.

    4.    Plaintiff, DANNEL BROWN, worked for Defendants in their shipping

department. Specifically, Plaintiff packaged and shipped customer orders, pulled ordered from stock, and checked orders for accuracy.

5. At all times material to this cause of action, Plaintiff, DANNEL BROWN, was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

6. Defendant, SKINZWEAR COM INC., is a Florida for profit Corporation that operates and conducts business in Pinellas County, Florida and is therefore, within the jurisdiction of this Court.

7. Defendant, SKINZWEAR COM INC., operates at 2027 Gulf to Bay Blvd., Clearwater, Florida 33765.

8. Defendant, SKINZWEAR COM INC., sells men's and women's swimwear, gym wear, and t-shirts at its physical location and online. See www.Skinzwear.com

9. Defendant, SKINSWEAR COM INC., sells swimwear domestically within the United States but also internationally. *Id*

10. At all times relevant to this action, PAUL POLGAR was an individual resident of the State of Florida, who owned and operated SKINZWEAR COM INC., and who regularly exercised the authority to: (a) hire and fire employees of SKINZWEAR COM INC.; (b) determine the work schedules for the employees of SKINZWEAR COM INC., and (c) control the finances and operations of SKINZWEAR COM INC.. By virtue of having regularly exercised that authority on behalf of SKINZWEAR COM INC., PAUL POLGAR is/was an employer as defined by 29

U.S.C. § 201, et seq.

11. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

13. During Plaintiff's employment with Defendants, Defendant, SKINZWEAR COM INC., earned more than $500,000.00 per year in gross sales.

14. Defendant, SKINZWEAR COM INC., employed approximately ten (10) employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant, SKINZWEAR COM INC., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce such as bikinis, t-shirts, thongs, shorts, body suits, swim trunks, and other products/tools/materials used to run the business.

16. Therefore, at all material times relevant to this action, Defendant, SKINZWEAR COM INC., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiff, DANNEL BROWN, is individually covered under the FLSA by way of shipping Defendants' products interstate to customers.

### FLSA Violations

18. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for all overtime hours worked.

19. During her employment with Defendants, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

20. Specifically, Defendants had a policy and practice of compensating Plaintiff at her regular rate for all hours worked regardless of whether those hours were overtime hours.

21. Plaintiff received her regular rate of $17.50/hour for all hours worked despite working in excess of forty (40) hours in a workweek.

22. For example, during the two week pay period 11/28/2018 through 12/11/2018, Plaintiff worked 105.33 hours and was paid $17.50/hour for all hours worked. Specifically, Plaintiff received $1,843.28 in gross wages. (105.33 hours x $17.50 = $1,843.28). See attached "A"

23. Another example, during the two week pay period 10/31/2018 through 11/13/2018, Plaintiff worked 93.53 hours and was paid $17.50/hour for all hours worked. Specifically, Plaintiff received $1,636.78 in gross wages. (93.53 hours x $17.50 = $1,636.78). See attached "B"

24. Plaintiff routinely worked in excess of forty (40) hours per week during her employment with Defendants.

25. Plaintiff is entitled to the half-time premium ($8.75/Overtime hour) for all hours worked in excess of forty (40) per week.

26. Based upon these above policies, Defendants have violated the FLSA by failing to pay complete overtime pay.

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

28. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-27 above as though stated fully herein.

29. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

30. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

31. Plaintiff was paid her regular rate ($17.50/Hour) for all hours worked regardless of how many overtime hours were worked in the workweek.

32. Defendants have failed provide accurate overtime compensation for numerous pay periods.

33. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation.

34. In addition, Defendants failed to post the required informational listings for the Plaintiff and other employees pursuant to the FLSA.

35. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

36. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

37. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DANNEL BROWN demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 28 day of August, 2019

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
P.O. Box 530244
Atlanta, GA 30353-0244
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff

6